FILED

APR 07 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

In The United States District Court
Western District of Pa.

Michael B. Williams jr.                          Civil Action
( Plaintiff )
                                                 1: 22-CV-00334-RAL.
        v.
Det. Edward Speyal, et. al.                      Richard A. Lanzillo
( Defendants )                                   Chief United States Magistrate
                                                 Judge

I. Jurisdiction

1. The jurisdiction of this court is invoked under Title 28 U.

S. 1331 and 1334.

This suit is a authorized by the First, Fourth, Fifth, Sixth,

Eight, Ninth, Thirdteenth, and Fourteenth Amendments to

the United States Constitution and Title 18 U. S. C. 242, 1201,

15304. 42 U. S. C. 1981, 1983 and 1985.

Plaintiff seeks monetary recovery in excess of 20 million

for damages incurred by him. And Injective Relife,

release from state custody as a matter of constitutional law.

II. Parties

2. Plaintiff Michael Bruce Williams Jr. is a citizen of the United States, who resides in Wayne County, City of Detroit, State of Michigan. Plaintiff is the Business owner of M.B.W.G. Entertainment register in Winnebago County, State of Illinois.

3. Defendant Sandra Selina Bray did provided the prosecutor with investigatory materials, which contained flagrant misrepresentations, exaggerations, and omissions and the malicious prosecution actually relied on the falsehoods in proceeding against the plaintiff.

In accusing the plaintiff of an a criminal offense and committing a criminal offense of perjury in filing false police reports on March 18, 2012 and September 26, 2012 after a course of criminal investigation by meeting Det Defendant Det. Edward Spayer and Erin C. Connelly at the Erie County Prison by virtue of conspiracy with State Officials in the form of Pretrial Acts Nontestimonail.

Said Defendant is responsible for the Plaintiff false Imprisonment (2) malicious arrest (3) malicious prosecution and denial of due process.

4. On the date of March 18, 2012, defendant Peter Dregalla use the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal Offense providing the prosecutor with investigatory

materials, which contained flagrant misrepresentations, exaggerations, and omissions, and the prosecution actually relied on many of the falsehoods in proceeding against Plaintiff. In a continuance of perjury by corroboration with Defendant Sandra Selina Bray, Det. Sgt. Edward Spagel and Gill Little at the finding of tier of fact on January 17, 2014. Said Defendant is responsible for the Plaintiff false Imprisonment (2) malicious arrest (3) re-malicious arrest (4) malicious prosecution and denial of due process. Being sued individually/officia S. & In Procuring Defendant Det. Sgt. Edward Spagel, Gill Little, Balesh, Langdon, Bernatowicy, Sennett, Brown, Roofner, Burrows, Goodrich, Morris, Megill, Taylor, Luschini, Attala, Kurtowski by virtal of conspiracy with State Officials in their

private acts and Pre-trial acts Nontestimonial on March 18, 2012,
June 11, 2012 and September 26, 2012 use the unlawful conduct
theft by extortion in accusing the Plaintiff of a criminal
offense providing the prosecutor with investigatory materials,
which contained flagrant misrepresentation, exaggeratives,
and omissions and the prosecution actually relied on many
of the falsehoods in proceeding against Plaintiff. In
suppressing statements of witness dated June 11, 2012 and
March 18, 2012

Said Defendant is responsible for the Plaintiff false Imprisonment
(2) malicious arrest (3) re-malicious arrest (4) malicious prosecu-
tion and denial of due process. The Defendants is being sued
both individual and official capacity.

4. In Procuring Defendant Erin C. Connelly on the date of June 17, 2012 and September 26 and January 17, 2014 after a course of criminal investigation by meeting the alledge victim Sundra Selena Gray at the Erie County Prison and request for Defendant Sundra Selena Gray medicial records conta'iny her statements made on March 18, 2012. Use the unlawful conduct theft by extortion in accusing, the Plaintiff of a criminal offense provrding the Erie County Prosecutor with investigatory materails, which contained flagrant misrepresentation exaggerations and omissions and the prosecution actually relied on many of the falsehoods in proceedings against the Plaintiff. In suppressing statements on June 17, 2012, March 18, 2012 and January 17, 2014 in subornating the

Commonwealth Witness in the procurance of perjury by corroboration in her private acts by virtue of conspiracy with State Officials and Non-testimonial Pre-trial Acts. Said Defendant is responsible for the Plaintiff false imprisonment (2) malicious arrest (3) re-malicious arrest (4) malicious prosecution and denial of due process. The Defendant is sued both individual and official capacity.

(7) In procuring Defendant Brand Ringle on april 28, 2014 after a course of criminal investigation by the D.A. office in failure to protect be the Plaintiff from false imprisonment in creating an investigation in remeding the Plaintiff com Pre-trial detention after a course of criminal investigation of exposure of the unlawful conduct of Defendant Sundra Selena Gray, Peter Drucilla, Jill Little, and Det. Sgt. Edward Spagel presure of accuring

the plaintiff of a criminal offense use the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the Erie County Prosecutor and State District Court with investigatory materials, which contained flagrant misrepresentation, ~~exaggera~~ exaggerations and omissions and the State District Court actually relied on many of the falsehoods in proceedings against the Plaintiff. In suppressing statements made on January 17, 2014 and March 18, 2012. Interwoven, Defendant Elizabeth Hirtz on January 17, 2014 after a course of criminal investigation by the D.A. office in failure to protect the Plaintiff from false imprisonment in creating an investigation in remedying the Plaintiff Pre-trail detention after a course of criminal investigations of exposure of the unlawful conduct of Defendant Sandra Selena Gray, Peter Brezella

Gill Little, and Det. Sgt. Edward Spayel prepury of accusing the plaintiff of a criminal offense use the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the Erie County Prosecutor and State District Court with investigatory materials, which contained flagrant misrepresentation, exaggerations and omissions and the State District Court actually relied on many of the falsehoods in proceedings against the Plaintiff. In suppressing statements made on January 17, 2014 and March 18, 2012. In the request for the Plaintiff Bond be revoke. In their private acts by virtue of conspiarcy with State officials and Non-Testimonail Pre-Trail Act.

Said Defendants is responsible for the Plaintiff (1) False

Imprisonment (2) malicious arrest (3) re-malicious arrest
(4) malicious prosecution (5) and denial of due process. The
Defendants is sued both individually and official capacity.
(8). In Procuring Defendant John Gerhart on the date of
02-4-2016 after a course of criminal investigations of exposure
of the unlawful conduct of Defendant Sandra Selena Gray,
Peter Breyalla, Det. Sgt. Spagel, Gill little perjury of accusing
the Plaintiff of a criminal offense in failure to protect
the Plaintiff from false imprisonment in creating an
investigation in remeding the Plaintiff Pre-trail detention
by affording the Plaintiff an Evidentiary Hearing in responds to
the Plaintiff Post Conviction Collateral Relife Petition and supplemental
Use the unlawful conduct theft by extortion in accusing the
Plaintiff of a criminal offense in providing the Superior State

District Court with investigatory materials, which contained flagrant misrepresentations, exaggerations and omissions and the State District Court actually relied on many of the falsehoods in proceedings against the Plaintiff. In suppressing statements made on January 17, 2014. By virtue of conspiracy with state officials in his private acts and Non-testimonial Pre-trial acts

Said Defendant is responsible for the Plaintiff false ~~Impression~~ Imprisonment (2) malicious arrest (3) malicious prosecution and denial of due process. Defendant is sued both in his official and individual and official capacity,

(8). In procuring Defendant Brant Miller after a course of criminal investigations on September 24-26, 2012, January 6, 2014,

Ganuary 17, 2014 in failure to protect the Plaintiff from false imprisonment in creating an investigation in remedying the Plaintiff Pre-trail detention in responds to Plaintiff Petition Present the actual Fractural Relevant Procedural History of Erie County Court of common Plea of Erie County trail Court Criminal Case 3349-2012. Use be the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the United States District Court Western District of Pa. with investigatory materials, which contained flagrant misrepresentation, exaggerations and omissions and the Federal District Court actually relied on many of the falsehoods in proceeding against the Plaintiff. In suppressing statements made on March 18, 2012, September 26, 2012 and March 18, 2012. By virtue of conspiracy with State Officials' in her private acts and Non-

testimonial acts..

Interwoven, with Defendants David Ungerman and Emily Merski in failure to protect the Plaintiff from false imprisonment in creating an investigation in remedying the Plaintiff Pre-trial detention in responds to Plaintiff Direct Appeal. Affording the Plaintiff ineffective assistance of counsel in failing to preserve and raise sufficiency of the evidence. In suppressing the statements made on March 19, 2012, September 26, 2012, January 17, 2012 In the use of the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the States District Court with investigatory materials, which contained flagrant misrepresentation, exaggerations and omissions and the State District Court actually relied on many of the falsehoods in proceeding against the Plaintiff.

Interwoven, with Defendant William Hathaway in failure to protect the Plaintiff from false imprisonment in creating an investigation in remeding the Plaintiff Pre-trail detention in responds to Plaintiff Pre-trail detention in responds to Plaintiff Pro-se Post Conviction Collateral Relife Petition and letter to object to the State District Court Defendant John Garhart Notice of Intent to Dismiss in a request for an Evidentiary Hearing. Affording the Plaintiff ineffective assistance of counsel in failing to preserve and raise sufficiency of the evidence. In suppressing the statements made on March 18, 2012, September 24, 2012, January 17, 2012. In the use of the unlawfed conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the State District Court with investigatory

materials, which contained flagrant misrepresentation, exaggerations and omissions and the State District went actually relied on many of the falsehoods in proceeding against the Plaintiff.

Said Defendants is responsible for the Plaintiff false Imprisonment (2) malicious arrest (3) re-malicious arrest (3) malicious prosecution and denail of due process. Defendants is sued both in his official and individual and official capacity.

(4) In procuring Defendant Patricia g. kenndy and guck Nureci in failure to protect the Plaintiff fromm false imprisonment in creating an investigation in remeding the Plaintiff Pre-trail ~~detion~~ detention in responds to the

Plaintiff letter's and failure to remedy the Plaintiff State Court Conviction by creating an investigation by Evidentiary Hearing after a course of criminal investigation on January 6, 2014 and January 17, 2014 after the Finding of Tier of Fact in the form of present sense of incident through failure to Train ~~baited~~ tacial approval by signature. In ~~spy~~ suppressing the statements made on March 18, 2012, September 26, 2012, and January 17, 2014. In the use of the unlawful conduct theft by extortion in accusing the Plaintiff of a criminal offense providing the State District Court with investigatory materials, which contained flagrant misrepresentation exaggerations and omissions and the State District Court actually relied on many of the falsehoods in proceeding

against the Plaintiff. By virtue of conspiracy in their private and acts and in their private acts and Non-testimonial acts Said Defendants is responsible for the Plaintiff (1) False Imprisonment (2) malicious arrest (3) re-malicious arrest (4) malicious prosecution (5) and denial due process. (10) In procuring Defendants C.O. Ferro, Sgt. Seliss, C.O. Paterson, C.O. Tubrezynserski physically assaultiong the Plaintiff by slamming the Plaintiff to the ground and breaking his prescription eyeglasses. On the date 07-20-2017 use the unlawful conduct theft by extortion in accusing the Plaintiff of a misconduct. In procuring Defendant Bednarelo on 07 08-6-2017, Mullooly on 08-08-2017, Sgt. Clinger on 9/22/2017, Stuttler, Fruch, Neplutchelt, Zies on 08-03-2018,

Quinn on 03-31-2020, Sgt. Conley on 05-29-2020, Royce on 12-22-2020, Haus on 12-26-20, B. Wise on ~~June 21~~, 06-17-2021, Brain Lock on 10-15-2021, P. Brown on 10-21-2021, Provencher on 11-30-21, 12-02-2021, Siroex on 12-05-2021, Capt. ~~Smith~~ Skinner on 12-08-2021, knight on 12-17-2021, Place on 12-27-2021, Borello on 12-27-2021, Brigden on 2-12-2022, Rinehart on 03-02-2022, Roberts on March 13, 2022, Sundberg on 04-3-2022, and ~~Defendant~~ Defendants named in original civil complaint. In procuring Defendants C.O. Wise, Hurley, Zubreszenswski on 10-04-2021, Ransom, C.O. Arnold, C.O. Cameron on 09-28-2020, C.O. Royce on 01-27-2021, Siddlys on 02-22-2021, Sgt. Mulnix, C.O. Place, C.O. Brown, C.O. Borello on 01-04-2022, Anderson, Reinhart on 10-06-2020, Ms. knight, C.O. Provencher on 12-01-2021,

(11) In procuring Defendants' R. Boyce on 08-27-2022, Beach on 09-12-2022, Lawrence, Minnich on 09-14-2022, Tedesco on 09-16-2022, Blommel, Lt Ramer, on 12-23-2022, D. Maud on 01-25-2023, Captain Moser on 01-25-2023, Capt. Bly on 09-16-2022, Lt. Commisac on 9-14-2022, and Name Defendants in original civil complaint use the unlawful conduct theft by extortion in accusing the Plaintiff of a misconduct. In procuring Defendants' C.O. Lawrence, C.O. Schickran, C.O. Beach, C.O. Whitney, C.O. Tedesco, C.O. Clawson, C.O. Meyers, C.O. D. Maud, C.O. Maud, C.O. Teston, C.O. Resender, C.O. Gurierret, C.O. Ruthoski, C.O. Strouse, C.O. Welner, C.O. Blommel, C.O. Shoemacher, Lt. Simpson, Lt. Ramer, Lt. Oplanski, Lt. Taylor, Captain Moore, Captain Reere, Unit Manager Wegrznowicz,

Lt. Mohl, Sommonda, Donehue, Berger, Hiner, Megan, Cress, T. Kelly and Defendants named in the original civil complaint fabricating exculpatory evidence to conceal their wilful misconduct as grieved by the Plaintiff causing the Plaintiff continuance unconstitutional confinement in the BMU and unconstitutional infringing upon the Plaintiff right to petition the State and Government of release from State Custody from unconstitutional pre-trial detention (2) deprive of property without due process of law (3) denied reasonable access to the court and his right to recieve and send legal mail and retaliation for filing grievances. On the use of excessive force (1) concealing the Plaintiff prescription eyeglasses (3) forcing the Plaintiff

to sleep on a plastic bunk (4) sleeping in a cold cell (5)
deprivation of food (6) deprivation of medical treatment (7)
sexual harrassment (8) unlawful use of handcuff by restrain
(9) physical assault by the use of handcuff with deliberate
Indifference in the use of the unlawful conduct Obstruction
of Justice and discriminatory harrassment.
In failure to Protect the Plaintiff from false imprisonment
in creating an investigation in remeding the Plaintiff
Pre-trial detention after a course of criminal investigation
in assisting the Plaintiff in the preparation and filing of
meaningful legal papers that cannot be denied or obstructed
as actual injury of the denial of the Plaintiff Writ of Habeas
Corpus and Continuance of his unconstitutional Pre-Trial

detention after a course of criminal investigation in assist the Plaintiff in the preparation and filing of ~~meaning~~ meaningful legal papers that can't be denied ~~nore~~ nor obstructed as actual injury of the denial of the Plaintiff Writ of Habeas Corpus and continuances of his unconstitutional Pre-Trial Retention. In suppressing statements dated March 18, 2012, September 26, 2012 and January 17, 2012 in their private acts ~~and~~ conspiracy with State Officials, in Non-testimonial pre-trial ~~acts~~ private acts.

Said Defendants is responsible for the Plaintiff's continue false imprisonment (2) malicious arrest (3) re-malicious arrest (4) malicious prosecution and denial of Due Process. The Defendants is being sued both individual and official capacity.

Sgt. Och, C.O. Hunger, C.O. Putman, C.O. A. Voselak, Sgt. Woods, Sgt. Shade on 11-30-2021, C.O. Treuthope, Lt. Mcintosh on 04-08-2020, Elder, Lt. Bednaver, Captain Skinner Skinner on 04-24-2020, Lt. Gd Gadlocki on 7-16-2020, C. Clark on 12-13-2021, C.O. Miller, C.O. Vickers on 02-21-2020, Ms. Nyberg on 09-25-2020, C.O. Freemans on 06-24-2020, Lt. Johnson on 04-13-2020., C.O. Sunberg on 12-12-2021, L. Oliver on 1-11-2022, S. Soliwoda on 12-14-2021, and Defendants listed in the Original complaint in accusing the Plaintiff of a Misconduct on and fabricating exculpatory evidence to conceal their wilful misconduct as grieved by the Plaintiff causing the Plaintiff the deprivation / or unconstitutionally infringing upon the Plaintiff right to petition the State and Government

of rebu release from State custody of proven unconstitutionally pre-trial detention (2) deprived of property without due process of law (3) denied reasonable access to the court and his right to recieve and send legal mail and retaliation for filing a grev grievance in the use of excessive force in slamming the Plaintiff to the ground (2) breaking his eyeglasses (3) forcing the Plaintiff to sleep on a metal bunk (4) sleeping in a cold cell without a blanket (5) deprivation of food (6) deprivation of medical treatment (7) and unconstitutionally confinement with deliberate indifference in the use of the unlawful conduct O bstruction of justice and discriminatory harrassment.

In failure to Protect the Plaintiff from false imprisonment in creating an investigation in remeding the Plaintiff Pre-trial

Detention. In suppressing statements dated March 18, 2012, September 26, 2012 and Qanurary 17, 2012 in their private acts conspriacy with State Officials, in Non-testimonail pre-trail private acts.

Said Defendants is responsible for the Plaintiff continue false imprisonment (2) malicious arrest (3) re-malicious arrest (4) malicious prosecution and denial of Due Process. The Defendants is being sued both individual and official capacity.

12. Subsequent to being indicted by information / indictment without a requires judicial determination of probable cause causing the Plaintiff invasion of right to be secure in her person, house, papers, and effects against reasonable

searches and sup seizures as guaranteed by the Fourth
Amendment to the United States Constitution, dmension
of Plaintiff's right to be free from deprivation of his
liberty without due process law as guaranteed by the
Fifth and Fourteenth Amendment to the United States
constitution. dn addiction a deprivation of the Plaintiff's
right to assistance of counsel as guaranteed by the
Sixth and Fourteenth Amendment to the United States
constitution,

13. On the foresaid stated dates there was caused of abuse
of legal process as articulated in the Plaintiff Writ of Habeas
Corpus, Pro Post Conviction Collectral Relife, dnmate Version,
Misconduct Appeal and Grievance appeal in exhausting the

Plaintiff's state remedies per 1447c. Suits by prisoners.
The one information's as information/indictment, (2) Miscon-
ducts (3) Responds to Plaintiff Grievance in failure to
set fourth a corrective process caused great personal distress,
emotional, mental, and physical abuse, and business damages
to the Plaintiff.

<u>For a First Cause of Action</u>

14. The actions of the foregoing Defendant's by virtue of
conspiracy with State Officials in their private acts per
Federal Law Rico Act. Acting under color of federal and
state law, constituted an invasion of Plaintiffs right to be
secure in his person, house, papers, and effects against
unreasonable searches and seizures as guaranteed by

the Fourth and Fourteenth Amendment to the United States Constitution, an invasion of plaintiff's right to be free from deprivation of his liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, a deprivation of the plaintiff right to the assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution.

<u>For A Second Cause of Action</u>

15. Plaintiff realleges the allegation in paragraph as though set forth fully herein.

16. The aforesaid actions of defendants constitued a slander and defamation of his character. An invasion of the

Plaintiff privacy, malicious arrest, malicious prosecution, denial of due process of law and abuse of legal process while acting under color of office and color of state law. Both through the use of unlawful conduct of theft by extortion, while the court may adjudicate as pendant to the First Clause of action.

Wherefore, Plaintiff respectfully requests this court:

On the First Clause and Second Clause of Action to assess compensatory damages against defendants in the amount of $10 million, plus costs and attorneys fees, and to grant plaintiff a trail by jury of all issues so triale in this cause of action.

B. Injunctive Reliefs, release from state custody as a matter

of constitutional law as the Defendant never been convicted on the actual judicial determination of probable cause. invoking Statue 42 U.S.C.1983.

i. To grant plaintiff such other, further, and different relife as may be just.

Respectfully, Submitted

Michael B. Williams, Jr.

(Plaintiff)

S.C.I. Fracksville

1111 Altamont Blvd.

Fracksville, Pa. 17931

SCANNED

FILED

APR 07 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

In The United States District Court
Western District of Pa.

Michael B. Williams Jr.                    Civil Action
( Plaintiff )
                                           1: 22-CV-00334-RAL
            V.                             Richard A. Lanzillo
Det. Edward Spaget, et. al.                Cheif United States Magistrate
( Defendants )                             Judge

            Amendment of Civil Action

And Now, comes the Plaintiff on 04-01-2023 moves this

Honorable court leave to prosecute in com admending civil

action filed on. The Plaintiff did filed his initial civil action

on 12/17/2015 as the defendant's unlawful conduct of theft

by deception ended on January 17, 2014.

However, the defendants unlawful conduct of theft by deception

in the unlawful conduct of perjury by corrobcation on the

state stand at the finding of the tier of fact in the form

present sense of impression and prior bad acts of filing false police reports as a firmly rooted hearsay exception in bearing particularized guarantees of trustworthiness in the confortation by the witnesses against the Plaintiffs as the defendants at a criminal trail. In suppressing the actual require judicial determination of probable cause dated March 18, 2012 as a brady violation per Brad v. Maryland 373 U. S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 per Michael D. Crawford v. Washington 541 U. S. 36, 158 L. Ed. 2d. 177, 124 S. Ct. 1354.

In the exposure of the unlawful conduct of the Defendants of theft by extortion in the form of on derivative exclusionary evidence invoking the independent source and inevitable

discovery as abuse of legal process as per Heck v. Humphrey
114 S. Ct. 2364, 129 L. Ed. 2 d. 383, 512 U. S. 477.
As actual injury of the Plaintiff 42 U. S. C. § 1983 claims
of false imprisonment in the unconsitutional Pre-trail
Retention as the Plaintiff have not been duly convicted on
the actual requires judicial determination of probable cause
dated March 18, 2012 per Riverside v. Mclaughlin 500 U S 44,
114 L. Ed. 2 d. 49, 111 S. Ct. 1661. See also Gerstein v. Pugh
420 U. S. 103, 43 L. Ed. 2 d 54, 95 S. Ct. 854, malicious
prosecution and denial of due process and malicious
arrest in providing the prosecutor and the State Courts
with investigatory materials. which contained flagrant
misrepresentations, exaggerations, and ommissions, and

the prosecution actually relied on many of the falsehoods in proceeding against plaintiff per kimberly byer v. Anderson 425 F. 3d 294; 2010 U. S. App. Lexis 23204; 2010 Fed. App. 0349P (6 Th Cir.).

The Defendants acting for participating in administrative and investigative duties in infringement of the Plaintiff due process rights to be free from prosecution without probable cause per Albright v. Oliver 510 U S 266, 127 L. Ed. 2d 114, 114 S. Ct. 807. In the form of Pre-trial acts, Nontestimonial acts after a course of criminal investigation on September 26, 2012 and January 6, 2014 does not extend to Pretrial acts per Gregory v. Louisville 444 F. 3d 725; 2006 U. S. App. Lexis 8292; 2006 Fed. App. 0127P (6Th Cir.).

The Plaintiff alledging a conspiracy for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges or immunities of the laws; An act in furtherance of the conspircy. Whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. The acts which are alleged to have deprived the plaintiff of equal protection must be the result of class-based discrimination in declining the protection of absolute immunity per Shaw Vakilian V. Shaw 335 F. 3d 509; 2003 U.S. App. Lexis 13414; 2003 Fed. App. 0218P (6th Cir.). In their private person acts "under color of" state law when engaged in a conspiracy with state officials in depriving the Plaintiff

of federal rights and not immue from liability under 42 U S C s § 1983 for intentional misconduct of wilful misconduct in any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice per Pa. Statue 8550. Willful ~~misconduct~~ misconduct of Official Oppression through the unlawful conduct of ~~official oppression~~ ~~that~~ theft by extortion in committing the unlawful conduct perjury by corroration in the abuse of legal process. A person acting or purporting to act in an official capacity and taking advantage of such actual and purported capacity in

commiting a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subject the plaintiff to malicious arrest (2) re-malicious arrest (3) unconstitutional Pre-trail detention equilivent to false imprisonment (4) search (5) seizure (6) mistreatment (7) dispossession, assessment, lien or other infringment of personal rights of (1) due process of law (2) assistance of counsel (3) an invasion of plaintiff right to be free fromm deprivation of his liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments per Pa Statue ~~5301~~ 5301.

While acting under color of law and color of office with malfeasance. By virtue of alleged conspirational action with

state officials that deprive the plaintiff of federal rights per

Tower v. Glover 461 U.S. 914, 81 L. Ed. 2d. 758, 104 S. Ct. 2820.

Alleging causes of action under 42 U.S.C. S. § 1983, Rico, 18

U.S.C.S. - 33 1961-1968 in the form of obstruction of justice

per Rose v. Bartle 871 F. 2d 331; 1983 U.S. App. Lexis 3217; 13

Fed. R. Serer 3d (Callaghan) 430 Nos. 88-1634, 88-1646, 88-

1650, 88-1653.

Pursuing the Plaintiff in omission of Pro. Se object to his

Appellate Counsel on Defendant Emily Merski andera Wife (2)

timely filed Post Conviction Collateral Relife (3) Supplemental

Post Conviction Collateral Relife (4) Pro-Se letter to Defendant

Williams Hathaway of jurists reason of why he should

object to the State District Court Notice of clintent to Dismiss

(s) and Direct Appeal while being procedural barred ~~under~~
Pa. from the State District Court under Pa. Statue 576 per
Statue 28 U.S.C. 32254 as the Plaintiff sole federal remedy
is a writ of habeas corpus, which requires that the
Pa ~~lawtiff~~ Plaintiff exhaust effective available state
remedies, and he cannot ~~mat~~ maintain a suit for such
relief under 42 U S C § 1983.

The United States District Court must consider whether a judge-
ment in favor of the plaintiff would necessarily imply
the invalidity of his conviction or sentence; if it would,
the complaint must be dismissed unless the plaintiff can
demonstrate that the conviction or sentence has already
been invalidated per Heck v. Humphrey 114 S. Ct. 2364, 129

L. Ed. 2 d. 383, 512 U.S 477. Or challenges the very fact or duration of his physical imprisonment, and seeks immediate or speedier release from imprisonment per Preiser v. Rodriguez 411 U.S 475, 36 L. Ed 2 d 439, 93 S. Ct. 1827.

Procuring Defendant Judge John Garhart and Grant Miller committing fraud on the State District Court and Federal District Court in the use of the unlawful conduct of theft by deception providing the State District Court and Federal District Court with investigatory materials, which contained flagrant misrepresentations, exaggerations, and omissions, and the prosecution as the Direct Appeal and Writ of Habeas Corpus actually relied on many of the falsehood in

proceeding against plaintiff. In suppressing the actual require judicial determination of probable cause dated March 18, 2012 and January 17, 2014 in the form of present sense impression and derivative evidence exposure of the unlawful conduct of theft by extortion in perjury by corroboration in fee filing false police reports by the victim stated she never felt the Plaintiff penis, and when the ~~belt~~ Plaintiff tried to get the belt out of her grip, he ~~stock~~ snatch the belt and the belt buckle accidentally hit her in the left eye contradictory to her initial statement to medical providers an exception to the hearsay rule "the Plaintiff punch her in the left eye" that was suppressed by the defendants. With perjury by ~~corrbor~~ corroboration as the

Finding of the Tier of fact.

In the form Pretrial, Nontestimonial Acts in the form of
Opinion and Answer to the Plaintiff's Writ of Habeas
Corpus and Direct Appeal as aider and abettor accessory
after the fact acting under color of federal law of the
Rico Act per ~~Blood~~ United States of America v. Blood 435 F.
3d 412; 2006 U.S. app. Lexis 1656; 2006 Fed. app. 0037P
(6ᵀᴴ Cir.); 69 Fed. R. Evid. Serv. (Callagan) 391

In fabricating the fact that the Plaintiff (1) rape (2) aggravated
assaulted (3) recklessly endanger (4) posses an instrument of
an crime the alledge victim Sandra Selener Gray as the
Defendant to establish probable cause for the Plaintiff
Pre-trial detention ~~and~~, re-malicious arrest, false Imprison-

ment and malicious prosecution as articulated in the Federal District Court Memorandum Opinion (hereto appendix) per Bonnie Lee Hinchman v. Moore 312 F. 3d. 198; 2002 U. S. app. Lexis 24305; 2002 Fed. app. 0411P (6Th Cir.) Nos. 00-2457; 01-2446 in the form of Wilful misconduct per United States v. Blood 435 F.3d 612; 2006 U. S. app. Lexis 1656; 2006 Fed. app. 0037P (6Th Cir); 69 Fed. R. Evid. Serv. (Callaghan) 391 06a0037p. 06 Nos. 04-5101/04-5261.

The Plaintiff pointing to the appellate record of the State District Court and Federal District Court that properly could be characterized as withheld, exculpatory evidence or as false testimony that was presented to the State Courts and Federal Courts to encourage the continuance, of the causing the

Plaintiff unconstitutional Pre-trail detention equivalent
to False elmprisonment (2) malicious arrest (3) re-malicious
arrest (4) malicious prosecution · abuse of process (5)
deprive of due process of law. In demonstrating that
the Plaintiff did not have a full and fair opportunity to
litigate the probable cause issue in the earlier proceedings
due to the defendant's unlawful conduct acting under color of
state law of theft by extortion as abuse of legal process (hereto
appendix to the ~~original~~ original civil action) by virtue of
conspiracy per Federal Statue 42 U.S.C. § 1985 per Aubrey v.
Stein 512 Fed. Appx. 522; 2013 U.S. App. Lexis 2207; 2013 Fed.
App. 0102 N (6th cir.).

In stating that a copy of the actual judicial determination

of Probable Cause dated March 18, 2012 in a condictory matter
in the use of theft by due extortion in the use of the unlawful
conduct of prijury by corboration. Discover in a course of
criminal investigation as derivative evidence by meeting
the Defendant Sandra Selena Gray at Erie County Prison on
September 24, 2012 and the D. A. file a oral motion in the
investigation and the Finding of Trier of Tact of State District
court Erie County Court of Common Pleas of Erie County Criminal
Case 3344-2012. as any written instrument that is an exhibit
to a pleading is a part thereof for all purposes. Because 10 (c)
provides that the writing becomes a part of the pleading for
all purposes, the contents of any attached writing must be
considered in determining the existence of a claim for relief or

this Honorable Court order Document 10 dated 03-23-2023

in seeking leave to proceed in forma pauperis being subject

to the screening provisions in 28 U.S.C. 31915 (e).

In amending his civil Complaint by identifying all of the

Defendants with specificity by name with further conduct

attributed to them. To

In stating a claim pursuant to 42 U.S.C. §1983, In.

pleading facts alleging that the defendant, acted under

color of state law in providing the prosecutor with

investigatory materials, which contained flagrant misrepresen-

tation, ~~exaggera~~ exaggerations, and omissions and the

malicious prosecution actually relied on the falsehood in proceeding

against the plaintiff. In accusing the plaintiff of a criminal

offense and committing a criminal offense of prejury,
in filing false police reports on March 19, 2012 and
September 26, 2012 after a course of criminal investigation
by virtue of conspiracy, with State Officials in the form
of Pretrial Acts Nontestimonial. (2) using the unlawful
conduct theft by extortion in accusing the Plaintiff of a
criminal offense (3) as aider and abettor accessory after the fact
in the deprivation of his rights to be free from deprivation
of his liberty without due process of law as guaranteed by
the Fifth and Fourteenth Amendment. Wich liability could be
based for each defendant is ~~stat stast~~ satisfying Rule 8 of the
Federal Rules of Civil Procedure.

In asserting the following defenses by the petition as a

a defense on a motion to dismiss or in deciding a motion for summary judgement per Rose v. Bartle 871 F. 2 d. 331; 1989 U. S. App. Lexis 3217; 13 Fed. R. Serv. 3d (Callaghan) 430 Nos. 88-1434, 88-1446, 88-1650, 88-1653

In violation of the Rules of Ethical, Chapter 33. Judicial Cannons, and Pennsylvania Rules of Professional Conduct percepts of fundamental fairness per the Fundamental fairness doctrine in the deprivation of the Pdawn Plaintiff of due process of law of the Fifth and Fourteenth amendment in taking the person's as the Plaintiff life, liberty, without due process of law. In diverting this Honorable Federal Court subject matter of jurisdiction as the Plaintiff present a defense to a claim for relief in this pleading as a responsive pleading to

defense this Honorable Court lacked of subject matter

jurisdiction under 28 U.S.C. § 2254 as insufficient process

per 12(b) of the Federal Rules of Civil Procedure.

By amending refile Plaintiff Original Civil Action 1:15-cv-

00304-SPB-RAL timely filed on 12-11-2015 within the

Pennsylvania two year statue of limitations.

As the actual injury of the fourth admendment malicious

prosecution abuse of process claim of theft of extortion

accusing the plaintiff of a criminal offense by perjury

by cobboration in suppressing the actual require judicial

determination of probable cause, in taking the Plaintiff

life, liberty without due process of law never ended

nor have he been convicted on the actual require judicial

determination of Probable Cause dated March 18, 2012 (

( appendix to the original refile civil action ). In the form

of unconstitutional Pre-trail detention equivalent to false

imprisonment.

Interwoven, with Defendant Grant Miller as aider/abettor

accusing the Plaintiff of an criminal offense in committing

another criminal offense perjury by corroration in taking

and witholding action as an official, and causing the

Chief United States Magistrate Judge Cynthia Reed Eddy as

an official to take or withold action in denying the Plaintiff

Writ of Habeas Corpus in use of the Unlawful conduct of theft

by da extortion in the abuse of legal process, wilful misconduct

by the Defendant as the opposing party as fraud on the

United States District Court Western District per Fed. R. Civ. P. R 40 (3) in submitting a affidavit or Declaration submitted in Bad Faith per Fed. R. Civ. P. R. 56 (h).

Interwoven, Attorney Kenneth A. Zak City Solicitor and Attorney for the City of Erie Police Department articulating the Plaintiff is time barred. And Attorney Patrick Meray Attorney for the Erie County District Attorney Office articulating the Defendants' are immune. As they are not immune under the theory of aiding and abetting as the principle in their Pretrial, Nontestimonial acts and for intentional misconduct, " under color of " state law, by virtue of alleged conspiratorial action with state official that deprive the Plaintiff of federal rights in causing the Plaintiff O rienginal civil action to be dismiss, as articulated

in the Chief United States Magistrate Judge Cynthia Reed
Eddy Memorandum Opinion dated 05-11-2022 (hereto
appendix).

In entitling, the Plaintiff to equitable tolling. In Pennsylvania,
the statue of limitations may be tolled by the discovery rule
or the fraudulent concealment doctrine. See Mest v. Cabot Corp.,
449 F.3d 502, 510, 514 (3d Cir. 2006). The discovery rule tolls
the statue of limitations when an injury or its cause was
not known or reasonably knowable "despite the exercise
of due diligence." Id. at 510 (quoting Pocono Intl Raceway v.
Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468, 471 (Pa. 1983).
To invoke the discovery rule, a plaintiff must "establish that
he exhibited those qualities of attention, knowledge,

intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." huch, 589 F. 3d at 642 (citation omitted). The fraudulent concealment doctrine tolls the statue of limitations when "through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry." Mest, 449 F. 3d at 516 (quoting Ciccarelli v. Carey Canadian Miners, Ltd., 757 F. 2d 548, 554 (Cir. 1985). In establishing that tolling is justified in refiling Civil Action 1:15-CV-00304-SPB-RAL by Amendment,

Respectfully, Submitted

Michael B. Williams jr., Pro se
(Plaintiff)
1111 Altamont Blvd.
Trushville, Pa. 17951

Commonwealth of Pennsylvania    :    In the Court of Common Pleas
                       :    of Erie County, Pennsylvania
     **vs.**             :    Criminal Division
                       :
     __Michael Bruce Williams__    :    **Docket No.: 3349 OF 2012**
     DOB: 06-03-1975      :    **OTN:**    **T 238519-1**

*CLERK OF RECORDS*
*2014 JAN -6 AM 9: 46*
*ERIE COUNTY*
*CLERK OF COURTS*
*ERIE, PA 16501*

## ORDER

AND NOW, TO WIT, this __6__ day of __JANUARY__ , 2014, upon oral motion of

the D.A.'s Office, it is hereby **ORDERED, ADJUDGED and DECREED** that

ST. VINCENT'S HOSPITAL, located at 232 West 25th Street, Erie, PA   16544 photocopy

and turn over to the Erie County District Attorney's Office any and all

MEDICAL RECORDS, including forensic reports, pertaining to any treatment of

__Sandra Gray  DOB: 08/08/1970__ who was treated on or about __03/18/2012__ and

subsequent days for the same injury.

__Sandra Gray__ required medical treatment as a result of this incident and is a victim.

__Michael B. Williams__ was charged as a result of this incident and is the defendant.

These records are necessary in the investigation and or prosecution of the above
matter.

_E. D. Santos_

                                             **J.**

dek

---

**ANNEXED EXHIBIT (O)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## ERIE DIVISION

| | | |
|---|---|---|
| MICHAEL BRUCE WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1: 18-cv-0066 |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL R. CLARK, Superintendent; | ) | Chief United States Magistrate Judge |
| and DISTRICT ATTORNEY OF | ) | Cynthia Reed Eddy |
| ERIE COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM OPINION[1]

Pending before the Court is the "Reconsideration of Petitioner 'Request for Rehearing' Writ of Habeas Corpus" filed by Petitioner, Michael Bruce Williams, Jr. (ECF No. 70). For the reasons that follow, the motion will be denied.

### I.    Relevant Background

On September 9, 2020, the Court issued a Memorandum Opinion and Order denying the Petition for Writ of Habeas Corpus filed by Petitioner, Michael Bruce Williams, Jr., finding that none of the grounds for relief asserted in the Petition merited the grant of federal habeas relief. The Court also denied a certificate of appealability. (ECF Nos. 59 and 60). A Judgment Order contemporaneously was filed with the Memorandum Opinion and Order. (ECF No. 61). Petitioner did not file a notice of appeal.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF Nos. 29, 33, 50, and 53).

1

Ten months after Judgment was entered, Petitioner filed a "Motion for Rehearing Under Federal Rules of Civil Procedure 60." (ECF No. 62). Construing the motion as an unauthorized second or successive habeas petition, on July 16, 2021, the Court dismissed the motion for lack of jurisdiction. (ECF Nos. 63 and 64). Petitioner appealed to the United States Court of Appeals for the Third Circuit and, on November 3, 2021, the Court of Appeals denied Petitioner's request for a certificate of appealability finding that the District Court had not abused its discretion in denying Petitioner's motion for rehearing. The Court stated,

> To the extent that Appellant's motion filed pursuant to Fed. R. Civ. P. 60(b) challenged his underlying conviction, the motion was an unauthorized second § 2254 petition, and jurists of reason would not debate the District Court's conclusion that it lacked jurisdiction over it. . . . To the extent that Appellant's motion was a true Rule 60(b) motion, he did not make the requisite showing necessary to obtain relief under Rule 60(b)(3) or (b)(6). . . .

Order, No. 21-2475, (3rd Cir. Nov. 3, 2021) (internal citations omitted) (ECF No. 69). Petitioner then submitted a petition for en banc and panel rehearing, which the Court of Appeals denied on January 26, 2022. *See* General Docket, Third Circuit Court of Appeals, No. 21-2475, No. 20.

On February 9, 2022, Petitioner filed with the Court of Appeals a Motion for Reconsideration of its January 26, 2022 Order Denying Rehearing, Motion to Attach Appendix to Reconsideration Motion, and Motion to File an Overlength Reconsideration Motion. On February 16, 2022, the Clerk of the Court of Appeals advised Petitioner that:

> The foregoing motions have been placed on this Court's docket, but no further action will be taken on them. The appeal has concluded. The Court issued its decision on November 3, 2021, and a copy of that order was issued in lieu of a formal mandate. The Court then denied rehearing on January 26, 2022. With that, the Court's decision became final and the Court lost any authority to alter or change its decision. Any legal or factual arguments that could have been made to the Court as to why this Court's decision was legally erroneous must have been made prior to the conclusion of the appeal. Any further review must be sought in the Supreme Court of the United States.

2

The appellant's reconsideration motion suggests he may want permission to file a second or successive habeas-corpus application. Under 2244, this court can authorize second or successive habeas- corpus applications in certain circumstances. The form and instructions for filing the 2244 application will be sent to the appellant with this order. Any 2244 application must be filed separately from this closed appeal and will receive its own docket number in this court.

*See* General Docket, Third Circuit Court of Appeals, No. 21-2475, No. 24.

On March 29, 2022, this Court received for filing the instant "Reconsideration of Petitioner 'Request for Rehearing' Writ of Habeas Corpus," which consists of 118-handwritten pages, and 90 pages of exhibits. (ECF No. 70).

## II. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In the habeas context, a motion labeled as a Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. On the other hand, said motion properly is treated as a "true" Rule 60(b) motion when it attacks, "'some defect in the integrity of the federal habeas proceedings,' such as the application of AEDPA's statute of limitations or rules on procedural default." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021) (quoting *Gonzalez*, 545 U.S. at 532); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.").

3

Thus, the Court's first determination must be whether Petitioner's motion constitutes a second or successive habeas petition or is a true Rule 60(b) motion. If the Court determines that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. *Gonzalez*, 545 U.S. at 538. But if the Court determines that the motion is a true Rule 60(b) motion, the motion will be ruled on without precertification by the Court of Appeals. *Id.* at 531-32.

### III.    Discussion

Petitioner's request for reconsideration will be denied for several reasons. First, construing Petitioner's motion as a "true" Rule 60(b) motion, it appears Petitioner is seeking reconsideration of the Court's Opinion and Order issued on July 16, 2021. (ECF Nos. 63 and 64). On August 5, 2021, Petitioner appealed that decision to the Court of Appeals for the Third Circuit and, on November 3, 2021, the appellate court denied Petitioner's request for a certificate of appealability. That decision has become final. As Petitioner was advised by the Clerk of the Court of Appeals, any further review must be sought in the Supreme Court of the United States.

Next, even assuming this Court could consider Petitioner's request, his arguments are unavailing. A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Requests for a "second bite of the apple" are not an appropriate basis for relief oh a motion for reconsideration. *See, e.g., Boone v. Daughtery*, No. 12-1333, 2013 WL 5836329, at \*1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide

4

litigants with a second bite at the apple.") (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *Zahl v. Harper*, 403 F. App'x 729, 734 (3d Cir. 2010).

The party seeking to have a judgment altered or amended must demonstrate either: (1) a change in controlling law; (2) the availability of new evidence not previously before the court; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Allaham v. Naddaf*, 635 F. App'x 32, 35–36 (3d Cir. 2015) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014)); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Upon review, Petitioner's current motion reiterates the same legal arguments and factual allegations he raised in his previous documents filed with the Court, all of which were fully considered by the Court in denying Petitioner's original Motion for Rehearing.

5

And third, if Petitioner is attacking his underlying conviction, this is exactly the sort of motion the Supreme Court of the United States has stated is in actuality a second or successive petition. *Gonzalez*, 545 U.S. at 530-31. Petitioner does not assert that he has received authorization from the United States Court of Appeals for the Third Circuit for such a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). As a result, this Court lacks jurisdiction to consider it absent prior authorization by the Court of Appeals for the Third Circuit.[2]

## IV. Conclusion

For these reasons, Petitioner's motion will be denied. Deeming this motion as a "true" Rule 60(b) motion, it will be denied as none of the arguments raised warrant relief under Rule 60(b). Alternatively, reasonable jurists would all agree that Petitioner has not shown that he obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition. Reasonable jurists would also agree that this Court lacks jurisdiction and authority to consider the successive habeas petition without proof of such leave.

Because jurists of reason would not find debatable the Court's disposition of this motion – whether construed in whole or in part as a second or successive petition or a true Rule 60(b) motion – a certificate of appealability will be denied. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021).

An appropriate Order will issue.

Dated: May 11, 2022      s/Cynthia Reed Eddy
            Chief United States Magistrate Judge

---

[2] This Opinion should not be read as a comment upon the merits of any claim that Petitioner could raise in a second or successive habeas petition challenging his judgment of sentence, or whether such a petition would be subject to dismissal on other grounds.

6

cc:   **MICHAEL BRUCE WILLIAMS, JR.**
      LN2033
      SCI FRACKVILLE
      1111 Altamont Boulevard
      Frackville, PA 17931
      (via U.S. First Class Mail)

      Emily Claire Downing
      Erie County District Attorney's Office
      (via ECF electronic notification)

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | | |
|---|---|---|
| MICHAEL BRUCE WILLIAMS, JR., | ) | Civil Action No. 1: 18-cv-0066 |
| Petitioner, | ) | |
| | ) | Chief United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| MICHAEL R. CLARK, Superintendent, | ) | |
| and DISTRICT ATTORNEY OF ERIE | ) | |
| COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Michael Bruce Williams, Jr. ("Williams") under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1). He is challenging the Judgment of Sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania, at criminal docket number CP-25-CR-0003349-2012. (ECF No. 1). As relief, Williams seeks to be released from state custody and have his conviction expunged. (Petition at 16). For the reasons that follow, the Petition will be denied because none of the grounds for relief merits the grant of federal habeas relief. Furthermore, because jurists of reason would not find this disposition of the Petition debatable, a certificate of appealability will also be denied.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 29, 33, 50, and 53).

1

Case 1:22-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 63 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/29/22   Page 44 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 2 of 17

## I.   Factual and Procedural History

### A.   The Underlying Offense

This case arises following Williams' convictions of rape, aggravated assault, recklessly endangering another person, and possession instruments of crime. The Pennsylvania Superior Court, in a Memorandum dated March 11, 2015, affirming Williams' convictions and judgment, recounted the factual history of the case as follows:

> In the early morning hours of March 18, 2012, [Victim] consumed alcohol at a house party and left seeking money to buy crack cocaine. N.T. Trial (Day 1), 1/16/14, at 27, 29-32. [Victim] walked to the Shell gas station on East 6th Street, City of Erie, and saw Appellant standing outside. *Id.*, at 31-32.   [Victim] approached Appellant, propositioned him, and asked if he had money. *Id.*, at 33. Appellant replied "yeah" and [Victim] asked [Appellant] to come into the alley with her.  *Id.*, at 33.
>
> They both entered the alley and [Victim] asked [Appellant] for the money. *Id.*, at 34.  Once she realized that Appellant had no money, [Victim] tried to leave. *Id.*, at 34.  Appellant grabbed [Victim's] arm, began fondling her breasts and buttocks, and attempted to remove her clothes. *Id.*, at 35-39.  Appellant hit [Victim] and she tried unsuccessfully to fight [Appellant] off with her screwdriver. *Id.*, at 39, 41. [Victim] attempted to dial 911 from her cell phone, but Appellant took it and put it in his pocket. *Id.*, at 40.
>
> When she attempted to leave again, Appellant punched [Victim] in the face and slammed her to the ground. *Id.*, at 42-43.  Appellant removed [Victim's] pants and· underwear. While [Victim] was lying on her stomach, Appellant began "humping her from behind" with his penis in her vaginal and anal areas. *Id.*, at 43, 35, 48, 49  52, 64. [Victim] could feel [Appellant's] penis on her buttocks and the outer lips of her vaginal area. *Id.*, at 86, 89.  Appellant also placed a belt around [Victim's] neck and struck [Victim] in the eye with the belt buckle.  *Id.*, at 43, 50.
>
> Over the course of several hours, [Victim] repeatedly told [Appellant] to stop and even told him that she had AIDS.  *Id.*, at 59-60, 80-82.  Appellant refused to stop until approximately 7:00 AM when Erie Police Department Officer Pete Dregalla arrived at the scene. *Id.*, at 94.  Dregalla entered the alley, heard [Victim] yelling for him, and saw Appellant on top of [Victim] with his pants down. *Id.*, at 96-98. Appellant stood up and pulled up his pants, while [Victim] was screaming. *Id.*, at 98-99.   [Victim] was visibly upset and Dregalla noticed that [Victim] had a swollen, black eye and minor scrapes. *Id.*, at 100, 104.   He also saw clothes, a belt, screwdriver, and [Victim's] wig on the ground. *Id.*, at 100, 108.

## II.     The Statute of Limitations

28 U.S.C. §2244(d)(1) provides that a one-year period of limitations applies to an application for writ of habeas corpus. The limitations period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). In addition, pursuant to §2244(d)(2), "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See also *Rinaldi v. Gillis*, 248 Fed. Appx. 371, 2007 U.S. App. LEXIS 22471 (3d Cir. 2007). Therefore, this Court must also determine whether any "properly filed" applications for post-conviction collateral relief that would toll the statute were pending during the limitations period.

Any PCRA petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. §9545(b)(1). A judgment becomes final "at the conclusion of direct review…or at the expiration of time for seeking the review." 42 Pa.C.S.A. §9545(b)(3). Pursuant to Pa.R.A.P. 903, in the instant matter, Petitioner's conviction became "final" on or about April 10, 2015. Petitioner had until April 11, 2016[1] to file a PCRA petition. He filed his PCRA petition on December 2, 2015. Therefore, this PCRA petition was timely filed. This petition was pending in the state courts until February 27, 2017. Assuming that this time period – approximately 14 months and 25 days – is excluded from the one-year limitations period, it appears that Petitioner had until on or about February 27, 2018 to file a federal habeas petition.

According to the docket entries for this matter in the U.S. District Court, Western District of Pennsylvania, Petitioner filed the instant habeas petition on February 28, 2018. On that same

---

[1] April 9, 2016 was the 365th day after the date the judgment became final. However, April 9, 2016 was a Saturday, so the PCRA petition had to be filed by the following Monday, April 11, 2016.

petition, and raising two additional claims, to wit, that trial and appellate counsel were ineffective for failing to preserve a claim challenging the sufficiency of the evidence as to the rape conviction and the weight of the evidence as to all convictions. (ECF No. 20-8). On March 2, 2016, Judge Garhart dismissed the PCRA petition without a hearing. (ECF No. 20-10).

On April 1, 2016, Williams, through counsel, filed a Notice of Appeal from the denial of his PCRA petition to the Superior Court. (ECF No. 20-11 at 1). On appeal, only the following issue was raised:

> Whether the appellant was afforded ineffective assistance of counsel given the joint omissions of trial counsel and appellate counsel to assert and preserve a claim challenging the sufficiency of the evidence as to the rape conviction and the weight of the evidence as to all convictions.

Br. of Appellant, at 3 (ECF No. 20-15 at 6). On February 27, 2017, the Superior Court of Pennsylvania affirmed the order denying the PCRA Petition. (ECF Nos. 14-1; 20-17). No further appeals were taken.

C.    Proceedings in Federal Court

Having been denied relief in state court, Williams filed in this Court a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 raising four claims for relief (ECF No. 1) and a Memorandum of Law supporting his Petition (ECF No. 14). Respondents filed a response (ECF No. 20), in which they argue that Williams' petition contains unexhausted claims and should be dismissed as a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982). In the alternative, Respondents argue that three of Williams' four claims are procedurally defaulted and that the remaining claim should be dismissed on the merits. (ECF No. 20). Williams filed a handwritten eighteen-page Reply. (ECF No. 31).

4

Case 1:23-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 66 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/29/22   Page 43 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 5 of 17

The Court has reviewed the filings of the parties, as well as copies of the state court record, including copies of the transcripts from the trial and sentencing hearing. The matter is fully briefed and ripe for disposition. For the reasons discussed below, the Court will deny each of Williams' claims for relief and will dismiss the Petition with prejudice.

## II.   Petitioner's Claims

Williams' habeas petition raises four grounds for relief. (ECF No. 1). First, he brings an ineffective assistance of counsel claim ("IAC"), contending that he was afforded ineffective assistance of counsel by his trial counsel, appellate counsel, and PCRA counsel. Williams' second ground for relief is that the trial court committed the act of fraud in its notice of intent to dismiss the PCRA petition and supplemental petition without a hearing and in issuing the court's final order dismissing the PCRA petition and supplemental petition. The third ground for relief is that the Erie County District Attorney's Office committed the act of fraud and/or assisted and aided the Commonwealth's witnesses in the act of perjury. And Williams' fourth and final ground for relief, which is similar to his second ground for relief, is that the trial court committed the act of bias, fraud and abuse of discretion in filing its opinion, notice of intent to dismiss the PCRA petition and supplement petition without a hearing, and the final order dismissing the PCRA petition and supplemental PCRA petition.

Respondents argue that Williams failed to present his second, third, and fourth grounds for relief to the state courts on either direct appeal or in post-conviction proceedings. (ECF No. 20 at 5-7). Respondents also argue that Williams failed to present a number of actions or inactions of his counsel in his first ground for relief to the state courts. Respondents do not contest the exhaustion of Williams' IAC claims that trial counsel and appellate counsel failed to assert and preserve a claim challenging the sufficiency of the evidence as the rape conviction and

the weight of the evidence as to all convictions. Thus, they argue, Williams has presented a "mixed petition," all of which should be dismissed under relevant United States Supreme Court precedent. If the entire petition is not dismissed, Respondents assert that claims two, three, and four are procedurally barred in their entirety and that portions of claim one are also procedurally barred and that Williams' remaining claims should be dismissed on their merits.

## III.   The Standard for Habeas Relief under 28 U.S.C. § 2254

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"), "which imposes significant procedural and substantive limitations on the scope" of the Court's review.[2] *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). As a result, this Court may not grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court proceedings unless the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (2).  And the United States Court of Appeals for the Third Circuit has emphasized the heavy burden petitioners bear: "even 'clear error'" by the state courts "will not suffice." *Orie v. Sec. Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir.

---

[2]       The first consideration in reviewing a federal habeas petition is whether the petition was timely filed under AEDPA's one-year limitations period.  28 U.S.C. § 2244(d); *Romansky v. Superintendent Green SCI,* 933 F.3d 293, 298 (3d Cir. 2019). Applying the prisoner mailbox rule, Williams' petition is deemed filed as of February 27, 2018, the day he placed it in the prison mailing system.  Accordingly, the petition was filed within the applicable limitations period.

6

Case 1:22-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 96 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/30/23   Page 69 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 7 of 17

2019). Rather, the state court must be wrong "beyond any possibility for fair-minded disagreement." *Id.* (citations and internal quotations omitted). Moreover, under the AEDPA standard, the "[s]tate court[s'] relevant factual determinations are presumed to be correct unless the petitioner rebuts [that] presumption by clear and convincing evidence." *Han Tak Lee v. Glunt*, 667 F.3d 397, 403 (3d Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)). AEDPA imposes a "highly deferential" standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Blystone v. Horn*, 664 F.3d 397, 417 (3d Cir. 2011).

A. <u>Exhaustion of State Remedies</u>

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). When a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002).

Although mandatory, the exhaustion requirement "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. Under Pennsylvania law, a federal claim becomes exhausted once it is presented to the Pennsylvania Superior Court, either as a direct appeal from a state criminal conviction or as an appeal from a PCRA Court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004)

7

Case 1:22-cv-00334-SPB-RAL Document 17 Filed 09/29/23 Page 69 of 78
Case 1:18-cv-00066-CRE Document 70-2 Filed 03/29/22 Page 47 of 90
Case 1:18-cv-00066-CRE Document 59 Filed 09/09/20 Page 8 of 17

(finding that review from the Pennsylvania Supreme Court is unavailable, and therefore not required, to exhaust state court remedies).[3]

When a petition presents both exhausted and unexhausted claims, it is considered a "mixed petition." Under the "total exhaustion rule," a mixed habeas petition should be dismissed without prejudice. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). But "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is <u>not</u> a mixed petition requiring dismissal under *Rose*." *Toulson v. Beyer*, 987 F.3d 984, 987 (3d Cir. 1993) (emphasis added).

### B.    The Procedural Default Doctrine

The doctrine of procedural default serves as an important corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts,[4] but state

---

[3]    Traditionally, under Pennsylvania law, exhaustion meant that a claim must be presented to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County, PA*, 959 F.2d 1227, 1230 (3d Cir. 1992). However on May 9, 2000, the Pennsylvania Supreme Court issued Judicial Administration Order 218, which provides that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. . . . " *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam).

[4]    To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claims "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Either way,

procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' " *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). "However, claims deemed exhausted because of a state procedural bar are procedurally defaulted. . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Thus, claims are procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A rule is "independent" if it is not "so interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims." *Johnson v. Pinchak*, 392 F.3d 551, 557 (3d Cir. 2004). A rule is "adequate" if it is was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007).

Additionally, a petitioner can overcome procedural default, thereby permitting federal court review, if the petitioner can establish either "cause" to excuse the default and "actual prejudice resulting from the alleged constitutional violation." *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 375 (3d Cir. 2018), *cert. denied*, -- U.S. ---, 139 S. Ct. 1613 (2019) (quoting *Davila v. Davis*, -- U.S. ---, 137 S. Ct. 2058, 2065 (2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)).4).F[5]  To demonstrate "cause," a petitioner must "show that some

---

the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id.* at 847.

[5]    A petitioner, alternatively, can overcome a procedural default by demonstrating that the court's failure to review the defaulted claim will result in a "miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *McCandless v. Vaughn*, 172 F.3d 225, 260 (3d Cir. 1999). "However, this exception is limited to a 'severely confined category [] [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have

Case 1:22-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 71 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/29/22   Page 49 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 10 of 17

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004). A petitioner satisfies the "prejudice" requirement by establishing that the trial was "unreliable or . . . fundamentally unfair" because of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The burden lies with a petitioner to demonstrate circumstances that would serve to excuse a procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750.

## V.   Analysis and Discussion

### A.   The Petition will not be dismissed as a mixed petition because Claims Two, Three, and Four, although unexhausted, are procedurally defaulted.

Respondents correctly note that Williams' second, third, and fourth claims for relief are not exhausted. None of these claims was raised on direct appeal or in post-conviction proceedings or "fairly presented" to the state courts. They are therefore unexhausted for purposes of habeas relief. Portions of Williams' remaining claim of ineffective assistance of counsel (Ground One) were presented to the state court and are exhausted.

Although technically a mixed petition, it will not be dismissed on that basis because the unexhausted claims are procedurally defaulted. Given the passage of time and the fact that Williams has already pursued both a direct appeal and a PCRA action, any unexhausted claim

---

convicted [the petitioner]'." *Preston v. Superintendent Graterford SCI*, 902 F.3d 365,375 n.11 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298, 329 (1995)). Williams does not argue that his defaulted claims should be excused because failure to do so would result in a miscarriage of justice. Further, the Court concludes that nothing in the record suggests that Williams could meet the *Schlup* test. *See Schlup v. Delo*, 513 U.S. 298, 324-26 (1995) (explaining that the miscarriage of justice standard "requires 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'").

Case 1:22-cv-00334-SPB-RAL  Document 17  Filed 09/29/23  Page 72 of 78
Case 1:18-cv-00066-CRE  Document 70-2  Filed 03/29/22  Page 90 of 90
Case 1:18-cv-00066-CRE  Document 59  Filed 09/09/20  Page 11 of 17

by him has been procedurally defaulted in state court. *See, e.g., Dean v. Tice*, Civ. Act. No.

1:18-cv-00373, 2020 WL 2933325, at *7 (W.D. Pa. June 2, 2020).

Williams advances no viable explanation as to why he did not include his procedurally

defaulted grounds for relief on direct appeal or in his PCRA appeal. Accordingly, he has failed

to establish either cause and prejudice or that a fundamental miscarriage of justice will occur if

this Court does not address these claims on their merits. *See Schlup*, 513 U.S. at 326. As a

result, Williams is not entitled to habeas relief on Claims Two, Three, and Four.

B.    Claim One will be dismissed as a portion is procedurally defaulted and
      the remaining portion is without merit.

In Williams' first ground for habeas relief, he contends that he received ineffective

assistance of counsel ("IAC") in violation of his rights guaranteed under the Sixth Amendment.

Clearly established federal law governing ineffectiveness claims is set forth in the two-prong test

of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Premo v. Moore*, 562 U.S. 115, 121

(2011). Under the first prong of *Strickland*, often referred to as the "performance" prong, a

petitioner must show that counsel's performance fell below an objective standard of

reasonableness. *Strickland*, 466 U.S. at 688. Under the second prong, often referred to as the

"prejudice" prong, a petitioner must demonstrate that the deficient performance prejudiced him,

meaning that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. *Id.* at 692. Although a petitioner must satisfy both prongs to succeed on his

ineffectiveness claim, the Supreme Court noted that "[i]f it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be

so, that course should be followed." *Id.* at 697. *See also Mathias v. Superintendent Frackville*

*SCI*, 876 F.2d 462, 477 (3d Cir. 2017).

11

Case 1:22-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 73 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/29/22   Page 81 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 12 of 17

The United States Court of Appeals for the Third Circuit has held that Pennsylvania's test for assessing IAC claims is not contrary to *Strickland*. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *see also Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987) (expressly stating that Pennsylvania follows the *Strickland* standard of review).   Thus, the relevant question is whether the decisions of the Pennsylvania courts involve an unreasonable application of *Strickland*. *Jacobs v. Horn*, 395 F3d 92, 106 n.9 (3d Cir. 2005).   That is, a petitioner must show that the state courts "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

When resolving an IAC issue, the question is not whether the defense was free from errors of judgment, but whether defense counsel exercised the customary skill and knowledge that normally prevailed at the time and place. *Strickland*, 466 U.S. at 689.   The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms'." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 699).   In evaluating counsel's performance, the court must be "highly deferential" and "indulge a strong presumption" that counsel's challenged actions might be considered sound strategy. *Strickland*, 466 U.S. at 689.   Counsel's actions are presumed to reflect a sound strategy unless the petitioner shows "no sound strategy . . . could have supported" them. *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005).   The relevant inquiry is not whether petitioner's counsel was prudent, appropriate, or perfect. *Burger v. Kemp*, 483 U.S. 776, 794 (1987). Rather, the focus is simply to ensure the proceedings resulting in petitioner's conviction and sentence were fair. *See Strickland*, 466 U.S. at 684-85.   Review of ineffectiveness claims is

Case 1:22-cv-00334-SRB-RAL Document 17 Filed 03/29/23 Page 92 of 90
Case 1:18-cv-00066-CRE Document 70-2 Filed 03/29/22 Page 82 of 90
Case 1:18-cv-00066-CRE Document 59 Filed 09/09/20 Page 13 of 17

"doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v.*

*Gentry*, 540 U.S. 1, 6 (2003).

With this standard in mind, the Court will now address the IAC claim that Williams has

brought in his first ground for relief. He bases his claim on the joint omissions of trial counsel

and appellate counsel to assert and preserve a claim challenging the sufficiency of the evidence

as to his rape conviction and the weight of the evidence as to all convictions, as well as on the

following actions or inaction of his counsel:

> Trial counsel assigned and aided the Commonwealth witnesses in the act of fraud,
> fail to have all and any evidence suppress, refuse to file a motion for continuance
> to impeach the petitioner video statement was illegally taken, . . . trial counsel fail
> to impeach the credibility of the Commonwealth witness . . ., trial counsel
> fraudulent unseal the statements of the victims to medical and police . . ., trial
> counsel stated that it was probable cause and fail to challenge there was no
> probable cause . . . appellant counsel Emily Merski filing a *Anders* brief where
> there where preponderance of evidence to support the legal elements of weight of
> evidence with merit. Also the (PCRA) attorney refused to object to the District
> [illegible] . . . .

Pet. at 6 (ECF No. 1).

As previously noted, Williams raised a single issue on appeal of the denial of his PCRA

petition: whether trial counsel and appellate counsel were ineffective by failing to assert a

preserve a claim challenging the sufficiency of the evidence as to his rape conviction and the

weight of the evidence as to all convictions. Superior Court Memorandum, 2/27/2017. (ECF No.

14-1; 20-17). Thus, the other ineffectiveness grounds Williams raises for the first time in this

habeas petition were never "fairly presented" to the state courts. As with Claims Two, Three and

Four, these IAC claims are unexhausted and procedurally defaulted. Williams advances no

viable explanation as to why he did not include his procedurally defaulted grounds for relief in

his PCRA appeal. Accordingly, he has failed to establish either cause and prejudice or that a

Case 1:22-cv-00334-SPB-RAL   Document 17   Filed 09/29/23   Page 75 of 78
Case 1:18-cv-00066-CRE   Document 70-2   Filed 03/29/22   Page 53 of 90
Case 1:18-cv-00066-CRE   Document 59   Filed 09/09/20   Page 14 of 17

fundamental miscarriage of justice will occur if this Court does not address these claims on their merits. *See Schlup*, 513 U.S. at 326.

However, the Superior Court adopted the reasoning of the PCRA court and found that any challenge to the sufficiency of the evidence would have been unsuccessful and therefore, Williams suffered no prejudice by his counsel failing to preserve this issue:

> Here, the evidence adduced at trial reflects that [Williams], without the victim's consent, "humped her from behind with his penis in her vaginal and anal areas. During the prolonged assault, [Williams] punched the victim in the face, slammed her to the ground, and kicked her in the stomach. [Williams] also struck the victim in the eye with a belt buckle and wrapped the belt around her neck to restrain her. After the assault, the victim told the sexual assault nurse examiner that there was vaginal penetration and [Williams] attempted anal penetration. The nurse examiner observed an abrasion near the victims clitoral hood and swelling to her hymen. Based on this evidence, <u>any challenge to the sufficiency or weight of the evidence would have been unsuccessful and, therefore, [Williams] suffered no prejudice.</u> See[] **Commonwealth v. Sneed**, 899 A.2d 1067, 1084 (Pa. 2006) [] (holding that to demonstrate prejudice, petitioner must show there is a reasonable probability but for counsel's error or omission, the result of the proceeding would have been different.
>
> Rule 907 Not. at 4 ("Notice of Intent to Dismiss") (internal citations omitted). We conclude that the PCRA court's determination is supported by the record and is free from legal error.

Superior Court Memorandum, 02/27/2017 at 6 (quoting PCRA court's notice of intent to dismiss) (emphasis added). As a result, this Court's review is governed by AEDPA's standard of review. As noted above, to prevail on a claim that the state court has adjudicated on the merits, Williams must demonstrate that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was

14

Case 1:22-cv-00334-SPB-RAL Document 17 Filed 03/29/22 Page 94 of 90
Case 1:18-cv-00066-CRE Document 70-2 Filed 03/29/23 Page 76 of 78
Case 1:18-cv-00066-CRE Document 59 Filed 09/09/20 Page 15 of 17

unreasonable—a substantially higher threshold"). Viewing the Superior Court's disposition of this IAC claim through the doubly deferential lens of AEDPA, the Court has no hesitancy in concluding that Williams has failed to carry his burden to persuade this Court that the Superior Court's disposition was unreasonable, yet alone even incorrect. Williams is thus not entitled to habeas relief on this claim.

The Superior Court also found that Williams had waived his claim that trial and appellate counsel were ineffective in failing to assert that the verdicts were against the weight of the evidence, but stated,

> Even if Williams had not waived this claim, it would fail. The PCRA court concluded that any challenge to the weight of the evidence would have been unsuccessful and, thus, Williams suffered no prejudice. Rule 907 Not. at 4. The PCRA court's conclusion is supported by the record is free from legal.

Superior Court Memorandum, 2/27/2017 at n.2. To the extent this claim must be reviewed *de novo*, this Court has reviewed the state court record and likewise concludes that the claim should fail. Williams contends the verdicts were against the weight of the evidence. The evidence presented at trial tells a different story. To start, the victim recounted in detail the violent encounter that took place between her and Williams. (N.T. (Day 1) 1/16/14 at 26-88). Then Erie Police Office Peter Dregalla testified that when he arrived on the scene, the victim was screaming, and he observed Williams on top of the victim with his pants down, the victim was visibly upset and physically injured. (N.T. (Day 1) 1/16/14 at 92-110). Next, Jill Little, the forensic nurse, testified to the injuries the victim suffered to her vaginal area as well as to her face and body. (N.T. (Day 1) 1/16/14 at 113-134). The Commonwealth's final witness was Detective Jim Spagel who testified that he took oral and video statements from the victim and

15

Case 1:22-cv-00334-SPB-RAL Document 17 Filed 09/29/23 Page 77 of 78
Case 1:18-cv-00066-CRE Document 70-2 Filed 03/29/22 Page 95 of 96
Case 1:18-cv-00066-CRE Document 59 Filed 09/09/20 Page 16 of 17

conducted a videotaped interview with Williams, which was played to the jury. (N.T. (Day 1) 1/16/14 at 135-144).

The Court finds that any challenge to the weight of the evidence would have failed. Counsel cannot be held to be ineffective for failing to raise a frivolous claim.

For all these reasons, Williams is not entitled to relief on his IAC claims.

## VI. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Williams' claims should be denied. Accordingly, a certificate of appealability will be denied.

16

## VII.   Conclusion

For all of the above reasons, the instant Petition for a Writ of Habeas Corpus will be denied.   Further, as there is no basis upon which to grant a certificate of appealability, a certificate of appealability likewise will be denied.   An appropriate Order follows.

Dated:  September 9, 2020

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:   MICHAEL BRUCE WILLIAMS, JR.
      LN2033
      SCI Albion
      10745 Route 18
      Albion, PA 16475
      (via U.S. First Class Mail)

      Grant T. Miller
      Erie County District Attorney's Office
      (via ECF electronic notification)

17